UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Haley Alafair Payne,** as Personal Representative and Executrix of the Estate of Paul Michael Edward Payne, deceased,<br><br>   Plaintiff,<br><br> v.<br><br>**CSX Transportation, Inc.,**<br><br>   Defendant. | Case No. 3:21-cv-1068<br><br>Judge Jeffrey J. Helmick<br><br>**Answer to Plaintiff's Complaint**<br><br>**Jury Demand Endorsed Hereon** |

Defendant, CSX Transportation, Inc. ("CSXT"), for its Answer to Plaintiff's Complaint, admits, denies, alleges, and otherwise avers as follows:

**FIRST DEFENSE**

## I. Parties, Jurisdiction, and Venue

1. CSXT denies, for lack of knowledge sufficient to form a belief as to their truth, the allegations and averments contained in this paragraph.

2. CSXT admits the allegations and averments contained in this paragraph.

3. CSXT admits the allegations and averments contained in this paragraph.

15366281v1

4.      CSXT admits that it is a common carrier railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight in interstate commerce, and that it conducts railroad operations in the State of Ohio.

5.      CSXT admits that it employed Paul Michael Edward Payne as a conductor at the time of his death and that conductors generally perform duties in furtherance of interstate commerce. CSXT denies, for lack of knowledge sufficient to form a belief as to their truth, the remaining allegations and averments contained in this paragraph.

6.      This paragraph calls for a legal conclusion to which no response is required; to the extent a response is required, CSXT admits only that it is subject to the Federal Employers' Liability Act ("FELA") and that this Court has subject matter jurisdiction over FELA cases.

## II.    Facts

7.      CSXT admits the allegations and averments contained in this paragraph.

8.      CSXT admits that on November 22, 2020, Mr. Payne and his crew were performing a shoving a move, which is a movement where the engine pushes railcars as opposed to pulling them. CSXT denies, for lack of knowledge sufficient to form a belief as to their truth, the remaining allegations and averments contained in this paragraph.

9.      CSXT denies, for lack of knowledge sufficient to form a belief as to their truth, the allegations and averments contained in this paragraph.

10.      CSXT denies, for lack of knowledge sufficient to form a belief as to their truth, the allegations and averments contained in this paragraph.

11.      CSXT admits that Mr. Payne died as a result of injuries he suffered on November 22, 2020, but denies, for lack of knowledge sufficient to form a belief as to their truth, the remaining allegations and averments contained in this paragraph.

12.      CSXT denies, for lack of knowledge sufficient to form a belief as to their truth, the allegations and averments contained in this paragraph.

## III.    First Cause of Action

13.      CSXT denies the allegations and averments contained in this paragraph.

14.      CSXT denies the allegations and averments contained in this paragraph.

## IV.    Second Cause of Action

15.      CSXT denies the allegations and averments contained in this paragraph.

## V.    Third Cause of Action

16.      CSXT denies the allegations and averments contained in this paragraph.

## VI.    Damages

17.    This paragraph calls for a legal conclusion or request for relief to which no response is required; to the extent a response is required, CSXT denies the allegations and averments contained in this paragraph.

## VII.    Jury Demand

18.    This paragraph calls for a request for relief to which no response is required.

## SECOND DEFENSE

19.    CSXT denies each and every allegation and averment contained in Plaintiff's Complaint that has not been specifically and expressly admitted as true herein.

## THIRD DEFENSE

20.    The damages for which Plaintiff seeks recovery were caused, in whole or in part, by the negligence of Plaintiff's decedent, which either precludes or reduces recovery.

## FOURTH DEFENSE

21.    The damages for which Plaintiff seeks recovery were directly and proximately caused, or contributed to, by the acts of persons and/or other entities for whom CSXT is not legally responsible, and that said acts were an intervening and superseding cause of the injuries and damages of which Plaintiff complains, thus barring Plaintiff from any recovery against CSXT.

**FIFTH DEFENSE**

22.     Plaintiff's claims are precluded, in whole or in part, by federal and/or state law, including but not limited to, the Federal Railroad Safety Act of 1970, Federal Track Safety Standards, and the Railway Labor Act.

**SIXTH DEFENSE**

23.     Plaintiff's Complaint fails to state claims upon which relief may be granted.

**SEVENTH DEFENSE**

24.     Plaintiff has failed to join one or more necessary and/or indispensable parties.

**EIGHTH DEFENSE**

25.     Plaintiff's damages resulted from an unforeseeable act of God, thereby barring, either partially or totally, Plaintiff's claimed damages.

**NINTH DEFENSE**

26.     Plaintiff has failed to mitigate damages.

**TENTH DEFENSE**

27.     CSXT pleads the defenses of accord and satisfaction, res judicata, collateral estoppel, release and/or waiver, and/or laches.

**ELEVENTH DEFENSE**

28.     CSXT reserves the right to add to its Answer and to rely on all defenses that may hereafter be disclosed through investigation, discovery or otherwise.

WHEREFORE, Defendant, CSX Transportation, Inc., prays that this matter be dismissed against it, and that it recover its costs and attorneys' fees expended herein and all other relief to which it is entitled in this matter.

Dated:  June 22, 2021               Respectfully submitted,

*s/James R. Carnes*
James R. Carnes (0070005)
Shumaker, Loop & Kendrick, LLP
1000 Jackson Street
Toledo, Ohio 43604
Telephone:  (419) 241-9000
Fax:             (419) 241-6894
Email:          jcarnes@shumaker.com
Attorney for Defendant,
CSX Transportation, Inc.

## JURY DEMAND

Defendant hereby demands trial by jury.

Respectfully submitted,

*s/James R. Carnes*
James R. Carnes (0070005)
Shumaker, Loop & Kendrick, LLP
1000 Jackson Street
Toledo, Ohio 43604
Telephone:  (419) 241-9000
Fax:             (419) 241-6894
Email:          jcarnes@shumaker.com
Attorney for Defendant,
CSX Transportation, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed this 22nd day of June

2021, through the Court's Electronic Filing System. Parties will be served, and may

obtain copies electronically, through the operation of the Electronic Filing System.

*s/James R. Carnes*
James R. Carnes (0070005)
Shumaker, Loop & Kendrick, LLP
1000 Jackson Street
Toledo, Ohio 43604
Telephone:   (419) 241-9000
Fax:             (419) 241-6894
Email:         jcarnes@shumaker.com
Attorney for Defendant,
CSX Transportation, Inc.

15366281v1                                    7